# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>CELEBRITY PLASTICS L.L.C.; MICHAEL KEYES M.D., individually; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 1:24-cv-23251<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, TAMARA WAREKA p/k/a TAMARA WILLIAMS, by and through her undersigned counsel, brings this Complaint against Defendants, CELEBRITY PLASTICS L.L.C.; MICHAEL KEYES M.D., individually; and DOES 1-10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2. Tamara Wareka p/k/a Tamara Williams ("Plaintiff" or "Williams") is an individual and professional photographer residing in Germany.

1
COMPLAINT

3. Defendant Celebrity Plastics L.L.C. ("Celebrity Plastics") is a Florida limited liability company with a principal place of business at 8585 Sunset Drive, Suite 107, Miami Fl 33143.

4. Defendant Michael Keyes M.D. ("Keyes") is an individual residing in the State of Florida and the founder and CEO of Celebrity Plastics.

5. The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

6. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

**JURISDICTION AND VENUE**

7. This Court has original subject matter jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

8. This Court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of Florida and/or Defendants transact business in the State of Florida.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or §1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside or may be found in this judicial district.

**FACTUAL ALLEGATIONS**

10. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

11. Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Clare, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

12. Tamara Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Tamara Williams' work is intended to deter would-be infringers from copying and profiting from her work without permission.

13. Williams is the sole author and exclusive rights holder four close-up beauty photographs which are the subject of the present action ("Veridana Photograph," "Kiana Photograph," "Ming Photograph," and "Elizabeth Photograph," referred to collectively as the "Beauty Photographs").

14. Attached as Exhibit A is a true and correct copy of the Veridana Photograph.

15. Attached as Exhibit B is a true and correct copy of the Kiana Photograph.

16. Attached as Exhibit C is a true and correct copy of the Ming Photograph.

17. Attached as Exhibit D is a true and correct copy of the Elizabeth Photograph.

18. Williams registered the Veridana Photograph with the United States Copyright Office under Registration Number VA 2-130-596 with an Effective Date of Registration of December 13, 2018.

19. Attached hereto as Exhibit E is a true and correct copy of the Copyright Registration Certificate for the Veridana Photograph.

20. Williams registered the Kiana Photograph with the United States Copyright Office under Registration Number VA-2-116-920 with an Effective Date of Registration of August 23, 2018.

21. Attached hereto as Exhibit F is a true and correct copy of the Copyright Registration Certificate for the Kiana Photograph.

22. Williams registered the Ming Photograph with the United States Copyright Office under Registration Number VA 2-116-904 with an Effective Date of Registration of August 23, 2018.

23. Attached hereto as Exhibit G is a true and correct copy of the Copyright Registration Certificate for the Ming Photograph.

24. Williams registered the Elizabeth Photograph with the United States Copyright Office under Registration Number VA 2-116-917 with an Effective Date of Registration of August 23, 2018.

25. Attached hereto as Exhibit H is a true and correct copy of the Copyright Registration Certificate for the Elizabeth Photograph.

26. Defendant Celebrity Plastics is a cosmetic medical practice offering services such as breast augmentation, face lifts, facial implants, liposuction, and more. *See generally* https://celebrityplastics.com/.

27. Defendant Celebrity Plastics manages, maintains, and controls the website celebrityplastics.com ("Celebrity Plastics Website").

28. Defendant Celebrity Plastics manages, maintains, and controls the Instagram account @celebrityplastics ("Celebrity Plastics Instagram"). *See generally* www.instagram.com/celebrityplastics/.

29. Defendant Keyes manages, maintains, and controls the Instagram account @doctorkeyes ("Keyes Instagram Account"). *See generally* www.instagram.com/doctorkeyes/.

30. In Keyes' biography on the Keyes Instagram Account, he notes himself as the founder and CEO of Celebrity Plastics.

31. Further, on the Keyes Instagram Account, Keyes has included links to the Celebrity Plastics Instagram Account, Celebrity Plastics booking page, and the Celebrity Plastics website.

32. Attached hereto as Exhibit I are true and correct screenshots of the Keyes Instagram Account, showcasing the links included in Keyes' biography.

33. At all relevant times, the Keyes Instagram Account, Celebrity Plastics Instagram Account, and Celebrity Plastics Website were available throughout the State of Florida, the United States, and the world.

34. Upon information and belief, the Keyes Instagram Account generates content for commercial purposes to market and promote Defendant Keyes services available through Celebrity Plastics, to increase customer base and revenue for both Defendants.

35. Upon information and belief, the Celebrity Plastics Instagram Account generates content for commercial purposes to market and promote Defendant Keyes services available through Celebrity Plastics, to increase customer base and revenue

for both Defendants.

### *Defendants Unauthorized Use of the Beauty Photographs and Willful Infringement*

36. On or about February 4, 2024, Williams discovered her Beauty Photographs Photograph being used in a collage post on Keyes Instagram Account with the caption "Which lip shape is your favorite? Comment! Follow @celebrityplastics for more!" ("Infringing Post").

37. Attached hereto as Exhibit J are true and correct screenshots Infringing Post on the Keyes Instagram Account.

38. Attached hereto as Exhibit K is a true and correct screenshot of the Infringing Post, with each of Plaintiff's unique Beauty Photographs highlighted.

39. The Veridana Photograph can be seen in the Infringing Post, labeled as "7". *See* Exhibit K.

40. The Kiana Photograph can be seen in the Infringing Post, labeled as "1". *See* Exhibit K.

41. The Ming Photograph can be seen in the Infringing Post, labeled as "8". *See* Exhibit K.

42. The Elizabeth Photograph can be seen in the Infringing Post, labeled as "4". *See* Exhibit K.

43. The purpose of the use of the Beauty Photographs in the Infringing Post was to provide high-quality and aesthetically pleasing content on the Keyes

Instagram Account congruent with Keyes' personal marketing goals, Celebrity Plastics marketing goals, and to entice users to utilize the Defendants services.

44. Williams does not have a record of the Beauty Photographs being licensed to Keyes or Celebrity Plastics, nor did Williams grant Keyes or Celebrity Plastics permission or authorization to use, make a copy of, or publicly display the Beauty Photographs on the Keyes Instagram Account or as promotional content for Celebrity Plastics.

45. Keyes and Celebrity Plastics (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Beauty Photographs and caused it to be uploaded to and displayed on Keyes Instagram Account.

46. Keyes and Celebrity Plastics (including their agents, contractors or others over whom they have responsibility and control) willfully used, displayed, published, and otherwise held out to the public Williams' original and unique Beauty Photographs in order to acquire a direct financial benefit, through revenue from the sales of Defendants' Services, from the use of the Beauty Photograph.

47. After discovering the unauthorized use of the Beauty Photograph, Williams, through counsel, reached out to Defendants in an attempt to resolve this matter but the parties were unable to do so.

# FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101, *et seq.*

48. Williams incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

49. Williams owns a valid copyright in each of the Beauty Photographs.

50. Williams registered the Beauty Photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

51. Defendants (including the employees, agents, contractors or others over whom they have responsibility and control) willfully and deliberately infringed upon Williams' rights in her copyrighted Beauty Photographs in violation of 17 U.S.C. § 501 of the U.S. Code because, *inter alia,* Defendants knew, or should have known, they did not have a legitimate license or permission to use Beauty Photographs.

52. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

53. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams is entitled to any actual damages and profits attributable to the infringement, pursuant to 17 U.S.C. §504(b), or at Williams' election, statutory damages in an amount up to $150,000.00 for each infringement, pursuant to 17 U.S.C. § 504(c).

54. As a result of the Defendants' violations of Title 17 of the U.S. Code,

the court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

55. Williams is also entitled to injunctive relief to prevent or restrain infringement of the copyright in her Beauty Photographs pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Williams prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Williams' copyright interest in the Beauty Photographs by copying and displaying it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Williams' election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of Williams's copyrighted Beauty Photograph pursuant to 17 U.S.C. § 502;

- For prejudgment and post judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: August 26, 2024

Respectfully submitted,

**/s/ Rosemary G. Sparrow**
Rosemary G. Sparrow, Esq.
FBN 1044700
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6729 facsimile
rsparrow@higbee.law
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Tamara Williams, hereby demands a trial by jury in the above matter.

Dated: August 26, 2024

Respectfully submitted,

**/ Rosemary G. Sparrow**
Rosemary G. Sparrow, Esq.
FBN 1044700
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6729 facsimile
rsparrow@higbee.law
*Counsel for Plaintiff*